IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                No. CIV 14-0579 JB/CG

ROBERT L. RIVERA, LINDA K. RIVERA,
and the NEW MEXICO DEPARTMENT OF
TAXATION AND REVENUE,

    Defendants.

## ORDER

**THIS MATTER** comes before the Court on: (i) the Administrative Notice; in the Nature of Writ of Error Coram Nobis & A Demand for Dismissal or State the Proper Jurisdiction, filed August 3, 2015 (Doc. 32)("1st Filing"); (ii) the Memorandum Opinion and Order and Notice and Demand, filed August 11, 2015 (Doc. 34)("2nd Filing"); (iii) the Challenge of Subject Jurisdiction, to Be Shown and Proved Before Court Proceeds, filed August, 19, 2015 (Doc. 35) ("3rd Filing"). This case is a foreclosure of real property belonging to Defendants Robert L. Rivera and Linda K. Rivera for unpaid tax obligations, and Plaintiff United States of America brought it under 26 U.S.C. 7403. See Complaint, filed June 24, 2015 (Doc. 1). On June 30, 2015, the Court entered summary judgment in the United States' favor, see Memorandum Opinion and Order, filed June 30, 2015 (Doc. 27)("MOO"), and it entered final judgment the same day, see Final Judgment, filed June 30, 2015 (Doc. 28). A month later, the Court entered an order to enforce the judgment. See Order for Foreclosure Sale and to Vacate, filed July 31, 2015 (Doc. 33).

The Riveras filed the 1st Filing, the 2nd Filing, and the 3rd Filing on August 3, 2015, August 11, 2015, and August 19, 2015, respectively.  All three filings are difficult to understand, but the Court will style them as motions asking the Court to reconsider its MOO.  Even so styled, the Court will deny them.  Under rule 59(e) of the Federal Rules of Civil Procedure, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment," and the Riveras filed the 1st Filing, the 2nd Filing, and the 3rd Filing thirty-four, forty-two, and fifty days after final judgment, respectively.  The Court could style the filings as motions under rule 60(b) and thus avoid the 28-day time limit, but then the Riveras would have to establish one of the rule's six listed and limited grounds for relief, see Fed. R. Civ. P. 60(b)(1)-(6), rather than simply attacking the Court's rationale in the MOO.

The only such ground arguably raised by the three filings is that the Court lacks subject-matter jurisdiction.  The Riveras are, incidentally, partially right: the Court now lacks plenary jurisdiction over this case, and merits arguments should now be adjudicated before the United States Court of Appeals for the Tenth Circuit.

> In addition to ripening the case for appeal, see 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . ."), the entry of final judgment narrows the district court's formerly plenary jurisdiction over the case to: (i) for the first twenty-eight days after the entry of judgment, motions under rules 50(b), 52(b), 59, and 60 -- the district court's jurisdiction, while limited, trumps that of the Court of Appeals during this time period, and, even if a party files a notice of appeal, the Court of Appeals will wait until after the district court has ruled on the post-judgment motion to touch the case, see Fed. R. App. P. 4(a)(4)(B); (ii) after twenty-eight days, if a party has filed a notice of appeal, motions under rule 60 -- the Court of Appeals' jurisdiction trumps the district court's during this period, and the district court needs the Court of Appeals' permission even to grant a rule 60 motion; and (iii) after twenty-eight days, if no party has filed a notice of appeal, motions under rule 60.

Anderson Living Trust v. WPX Energy Prod., LLC, No. CIV 12-0040 JB/KBM, 2015 WL 4040616, at *19 (D.N.M. June 24, 2015)(Browning, J.)(omissions in original)(footnote omitted).

That the Court now lacks jurisdiction to do much with this case does not, however, mean that the Court lacked jurisdiction to do what it has already done, or to enforce its judgment. Section 7402 of Title 26 of the United States Code explicitly grants the Court jurisdiction to hear cases like this one:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402(a). See 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."). The Court thus had original subject-matter jurisdiction over this case, and a theoretically valid ground for rule 60(b) relief is unsatisfied here. The Court also has jurisdiction to enforce its judgment, which is the jurisdiction under which the Court issued Order for Foreclosure Sale and to Vacate. See Fed. R. Civ. P. 70; Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994)(Scalia, J.)(holding that the federal district courts have "ancillary jurisdiction . . . to manage its proceedings, vindicate its authority, and effectuate its decrees" (citations omitted)). Cf. Fed. R. Civ. P. 69. The Court therefore denies the 1st Filing, the 2nd Filing, and the 3rd Filing.

**IT IS ORDERED** that: (i) the Administrative Notice; in the Nature of Writ of Error Coram Nobis & A Demand for Dismissal or State the Proper Jurisdiction, filed August 3, 2015 (Doc. 32); (ii) the Memorandum Opinion and Order and Notice and Demand, filed August 11, 2015 (Doc. 34); and (iii) the Challenge of Subject Jurisdiction, to Be Shown and Proved Before

- 4 -

Court Proceeds, filed August, 19, 2015 (Doc. 35), are all treated as motions to reconsider under rule 59(e) of the Federal Rules of Civil Procedure or as motions for relief from judgment under rule 60(b), and are each denied. Defendants Robert L. Rivera and Linda K. Rivera must file an appeal in the United States Court of Appeals for the Tenth Circuit if they wish to further argue the merits of this case.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel and parties*:

Waymon G. DuBose, Jr.
Tax Division
United States Department of Justice
Dallas, Texas

      *Attorneys for the Plaintiff*

Robert L. Rivera
Placitas, New Mexico

      *Pro se Defendant*

Linda K. Rivera
Placitas, New Mexico

      *Pro se Defendant*

Lewis J. Terr
New Mexico Department of Taxation & Revenue
Santa Fe, New Mexico

      *Attorneys for Defendant New Mexico Department of Taxation and Revenue*